**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| 600 LB GORILLAS, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | Case No. 15-CV-13991-ADB |
| ) | |
| FIELDBROOK FOODS CORP. and ) | |
| MISTER COOKIE FACE, LLC, ) | |
| ) | |
| Defendants. ) | |

### MCCARTER & ENGLISH LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF 600 LB GORILLAS, INC. PURSUANT TO LOCAL RULE 18.5.2

McCarter & English LLP ("McCarter") (including its individual attorneys who have appeared in this action, *i.e.*, David Himelfarb) respectfully requests that it be permitted to withdraw as counsel for plaintiff and counterclaim-defendant 600 lb Gorillas, Inc. ("600 lb Gorillas") in this action. McCarter recognizes that since a trial date has been set (a two-week trial is set to commence on February 6, 2018), it must seek leave of court to withdraw "for good cause shown" under Local Rule 83.5.2.

McCarter respectfully submits that there is good cause for this withdrawal as it cannot continue with the representation under the present circumstances. Demonstration of good cause is complicated by the ethical imperative of preserving the attorney-client privilege. Without violating that privilege, McCarter states that its representation of 600 lb Gorillas has been conducted pursuant to a written agreement. That agreement allows McCarter to withdraw upon the occurrence of certain circumstances. Those circumstances have arisen and have not been cured.

Under Mass. R. Prof. C. 1.16(b), a lawyer may withdraw from representation even where withdrawal will have a material adverse effect on the client's interests if at least one of the following circumstances is present:

1

> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

McCarter believes that it can withdraw without a material adverse effect on the client's interests as the client has had advance notice of the Motion and the Motion is being filed during a lull in proceedings. (600 lb Gorillas submitted its expert reports on October 31, 2017, and defendants' reports are not due until November 30, 2017.) While 600 lb Gorillas has not yet retained successor counsel, it is actively seeking to do so.

Nevertheless, McCarter states that the circumstances present in Mass. R. Prof. C. 1.16(b)(4)-(6) quoted above are all present and that there has been a breakdown of the lawyer-client relationship. *See Phelps Steel, Inc. v. Von Deak*, 511 N.E.2d 42, 44, 24 Mass. App. Ct. 592 (Mass. App. Ct. 1987) ("Breakdown of the lawyer-client relationship serves as good cause for withdrawal. The lawyer-client relationship is founded on trust and confidentiality. When those foundations deteriorate, it is not only impractical to persist in the relationship, it diminishes the integrity of the bar to do so."). Accordingly, McCarter does not believe that it can continue to represent 600 lb Gorillas in this case under the present circumstances and requests that it be permitted to withdraw. Indeed, the First Circuit in *Lieberman v. Polytop Corp.*, 2 F. App'x 37 (1st Cir. 2001) (unpublished opinion), held that it was an abuse of discretion to not allow counsel to withdraw when forcing counsel to remain in the case would put it in a wholly untenable situation. Here, as in *Lieberman*, McCarter would likewise find itself in a wholly untenable situation if its Motion were not allowed. *Id.* at 39.[1]

---

[1] McCarter can provide additional details concerning its situation if the Court deems it necessary in order to adjudicate this Motion, although, in that circumstance, McCarter requests that its submission be provided solely to the Court *in camera* and to 600 lb Gorillas.

2

ME1 26075230v.1

At this juncture in the case, McCarter has completed all fact discovery on behalf of 600 lb Gorillas and, as noted above, affirmative expert reports were submitted by 600 lb Gorillas on October 31, 2017.  Defendants' rebuttal expert reports are due on **November 30, 2017**, and expert depositions must be completed by **January 17, 2018**.  Motions *in limine* are due on **January 3, 2018**, with oppositions due on **January 12, 2018**.  A final pretrial conference is set for **January 17, 2018**, with trial set to commence on **February 6, 2018**.  600 lb Gorillas therefore has time to locate and retain replacement counsel, which it is actively seeking to do.

WHEREFORE, for the foregoing reasons, McCarter respectfully seeks leave to withdraw from its representation of 600 lb Gorillas in this action.

McCarter & English, LLP,

*/s/ David Himelfarb*
David Himelfarb (BBO# 649596)
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
T:  (617) 449-6500
F: (617) 326-3086
dhimelfarb@mccarter.com

Dated: November 13, 2017

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I certify that I conferred, by telephone, with counsel for defendants, Blake Hannafan, on November 13, 2017, in an effort to narrow the disputes raised in this Motion.  Defendants do not oppose this Motion provided that the Court does not extend any existing deadlines (including the date of trial).  I also conferred with Chris White on behalf of 600 lb Gorillas prior to filing this Motion.  Mr. White does not assent to the relief requested herein.

*/s/ David Himelfarb*
David Himelfarb

## **CERTIFICATE OF SERVICE**

I, David Himelfarb, certify that on this 13th day of November, 2017, the foregoing document was electronically filed with the Clerk of the Court thorough the CM/ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C), and to the client by email and by overnight mail addressed to Chris White, 558 Washington Street, Duxbury, MA 02332.

*/s/ David Himelfarb*
David Himelfarb

ME1 26075230v.1