# PIERCE BAINBRIDGE BECK PRICE & HECHT LLP

**VIA ECF**

August 16, 2018

Hon. Allison D. Burroughs
U.S. District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

  Re: <u>*600 lb Gorillas, Inc. v. Fieldbrook Foods Corp., et al.*, 15-CV-13991-ADB</u>

Dear Judge Burroughs:

  We write regarding the jury instructions that the Court issued yesterday afternoon. We are concerned that the Court's instruction that the jury "can't award the same dollar more than once" may invite the jury to divide any potential damages in a way that prejudices Gorillas' ability to fully recover the intended award. (*See* Aug. 15, 2018 Tr. at 210:10–16). In particular, the Court's instruction may encourage the jury to improperly divide damages between Fieldbrook and Mister Cookie Face in items No. 8 and No. 9 on the verdict form, even if it believes that both defendants should be jointly and severally liable for the full amount. Gorillas therefore requests that the Court instruct the jury to award whatever amount it believes Gorillas' claims against each defendant warrant, and then explain that Your Honor will review any award of damages to ensure there is no improper double recovery.

  In *Britton v. Maloney*, the First Circuit explained that "when the amounts awarded could conceivably differ depending on the claim but may also involve some overlap, verdict forms sometimes require a separate specification of damages for each claim on which the jury determines liability, leaving it to the judge to make the appropriate adjustments to avoid double recovery." 196 F.3d 24, 32 (1st Cir. 1999) (citing *Spectrum Sports v. McQuillan*, 506 U.S. 447, 451 n.3 (1993)).

  *Spectrum Sports* is illustrative. In that case, the jury was instructed to assess damages for each defendant and each claim separately. Various claims were asserted, including under breach of contract, California business law, the Sherman Act, and the Clayton Act, the latter of which gave rise to treble damages. *Spectrum Sports*, 506 U.S. at 451. The court instructed the jury as follows: "Should you decide to award damages, please assess damages for *each* defendant and *each* claim separately and without regard to whether you have already awarded the same damages on another claim or against another defendant. The court will insure that there is no double recovery. The verdict will *not* be totaled." *Id.* at 451 n.3 (emphasis in original).

---

LOS ANGELES  NEW YORK  WASHINGTON D.C.

PIERCE BAINBRIDGE BECK PRICE & HECHT LLP

  Here, although the parties have agreed that the verdict form does not split out the damages award with respect to each claim, it does ask the jury to identify the amount to be awarded against each defendant. Gorillas therefore requests that the Court issue a clarifying instruction similar to that in *Spectrum Sports*—namely, that the Court inform the jury as follows:

> "Should you decide to award damages, please assess damages for *each* defendant separately and without regard to whether you have already awarded the same damages against the other defendant. The court will insure that there is no double recovery. The amounts entered on lines No. 8 and No. 9 on the verdict form will *not* be totaled."

  To be sure, Gorillas does not seek a double recovery, but it does seek to ensure that the Court's instruction does not inadvertently prevent it from recovering the full measure of damages to which the jury finds it is entitled.

                Respectfully submitted,

                /s/ John M. Pierce

                John M. Pierce

cc: Blake Hannafan, Esq. (via ECF)