UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 600 LB GORILLAS, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 15-cv-13991-ADB |
| FIELDBROOK FOODS CORP. and MISTER COOKIE FACE, LLC, | * |
| | * |
| Defendants. | * |
| | * |

# MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff 600 lb Gorillas, Inc. ("Gorillas") brought this lawsuit against Defendants Fieldbrook Foods Corp. ("Fieldbrook") and Mister Cookie Face, LLC ("MCF"), alleging that Defendants failed to manufacture ice cream for Gorillas' ice cream sandwiches consistent with the parties' agreed-upon specifications. On August 17, 2018, following a fourteen-day jury trial, the jury returned a verdict finding that MCF breached the parties' contract and that MCF and Fieldbrook breached the covenant of good faith and fair dealing and were liable for negligent misrepresentation. [ECF No. 294]. In addition, the jury determined that Gorillas also breached the contract and that MCF was entitled to recover from Gorillas based on quantum meruit. [Id.]. The jury awarded Gorillas $580,000 in damages against MCF and $145,000 in damages against Fieldbrook, and determined that MCF was entitled to $270,785.37 in damages from Gorillas. [Id.]. The jury also rendered an advisory verdict, finding that neither Gorillas nor MCF had proven that any party had committed an unfair or deceptive act or trade practice pursuant to Mass. Gen. Laws ch. 93A, id., which the Court adopted when it entered its findings of fact and conclusions of law concerning the Chapter 93A claims. [ECF No. 295].

Gorillas now seeks to recover prejudgment interest, postjudgment interest, and costs. [ECF Nos. 296 and 301]. Defendants oppose Gorillas' motion and move to disallow Gorillas' bill of costs. [ECF Nos. 298 and 306]. Defendants separately seek to recover prejudgment interest, postjudgment interest, and costs, and request that the Court setoff the damages awarded to Gorillas by the damages awarded to MCF. [ECF Nos. 299 and 305]. Gorillas opposes Defendants' motion. [ECF No. 304]. For the reasons stated below, the Court denies the parties' motions for prejudgment interest, grants in part and denies in part Gorillas' motion for costs, grants in part and denies in part Defendants' motion to disallow Gorillas' request for costs, denies Defendants' motion for costs, grants the parties' motions for postjudgment interest, and orders that the judgment against MCF be setoff by the judgment against Gorillas.[1]

## I. DISCUSSION

### A. Interest

#### 1. Prejudgment Interest

Gorillas argues that it is entitled to prejudgment interest totaling $425,949.32 on its damages award which reflects an interest rate of 12 percent beginning on September 26, 2013, the date Gorillas contends that Defendants breached the contract. [ECF No. 297 at 2–5 (citing Mass. Gen. Laws ch. 231, § 6C)]. In the alternative, Gorillas proposes several other dates from which prejudgment interest might accrue, which would yield prejudgment interest ranging from $397,107.76 to $412,362.80. [Id. at 5 n.2]. Defendants assert that prejudgment interest should not be awarded on Gorillas' damages award because it would be inequitable and punitive, and because the damages that the jury awarded to the parties accounted for the time value of money, making them whole as of the verdict date. [ECF No. 298 at 3–6]. To the extent that the Court

---

[1] The Court's post-trial order recounts the background of the litigation. See 600 lb Gorillas, Inc. v. Fieldbrook Foods Corp., No. 15-cv-13991-ADB, 2018 WL 4268888 (D. Mass. Sept. 6, 2018).

awards prejudgment interest, MCF requests prejudgment interest on its damages as well at a rate of 12 percent, running for each unpaid invoice as of 30 days after the invoice date, which would total $98,048.70. [ECF No. 300 at 1–2]. MCF also requests additional interest of $89.03 for each day between September 28, 2018 and the date that the Court enters judgment. [Id.].

The Court finds that neither party is entitled to prejudgment interest on its damages award. All parties correctly recognize that Massachusetts law applies to the Court's award and the calculation of prejudgment interest. [ECF No. 298 at 3; ECF No. 300 at 1]; see Crowe v. Bolduc, 365 F.3d 86, 90 (1st Cir. 2004) ("When a plaintiff obtains a jury verdict in a diversity case in which the substantive law of the forum state supplies the rules of decision, that state's law governs the plaintiff's entitlement to prejudgment interest."). The relevant Massachusetts prejudgment interest statute provides:

> In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve percent per annum from the date of the breach or demand. If the date of the breach of demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve percent per annum from the date of the commencement of the action.

Mass. Gen. Laws ch. 231, § 6C. "The statute, however, is not as 'straightforward' or 'mechanical' as may appear." Spiritual Trees v. Lamson & Goodnow Mfg. Co., 424 F. Supp. 2d 298, 300–01 (D. Mass. 2006) (quoting Interstate Brands Corp. v. Lily Transp. Corp., 256 F. Supp. 2d 58, 62 (D.Mass.2003)). The Supreme Judicial Court stated that Section 6C:

> is designed to compensate a damaged party for the loss of use or unlawful detention of money. An award of interest is made so that a person wrongfully deprived of the use of money should be made whole for his loss. The common law was particularly sensitive to the possibility that a liberal award of prejudgment interest could result in a windfall for plaintiffs amounting, in essence, to an award of punitive damages. There is nothing in G.L. c. 231, § 6C, indicating that the Legislature intended to abandon this long-standing concern.

Sterilite Corp. v. Cont'l Cas. Co., 494 N.E.2d 1008, 1011 (Mass. 1986) (citations and quotation

3

marks omitted).

Applying these principles, in Interstate Brands Corp. v. Lily Transp. Corp., the court found that the prevailing counterclaimant was not entitled to prejudgment interest on an award of lost contractual profits where the jury was specifically instructed "to award the *present value* of [the party's] lost profits, *i.e.*, a figure that would make [the party] whole as of the date of the verdict." 256 F. Supp. 2d 58, 62 (D. Mass. 2003). The court noted that awarding prejudgment interest where the "jury's award was already adjusted to reflect the 'time value' of money . . . would give [the counterclaimant] a double recovery windfall, which would be an inappropriate result under the statute." Id. at 62–63; see also Liberty Mut. Ins. Co. v. Black & Decker, Inc., No. 04-cv-10648 DPW, 2004 WL 1941352, at *8 (D. Mass. Aug. 25, 2004) ("Where the damages award to the prevailing party has itself included compensation for the lost time value of money, prejudgment interest is considered duplicative and thus inappropriate.").

Here, the verdict form asked the jury to award the "amount of money [that] will fairly and adequately compensate" Gorillas and MCF "for damages caused by the claims you found proven." [ECF No. 294 at 3, 6]. As in Interstate Brands, the Court infers that the jury intended to make Gorillas and MCF whole by compensating them for the full amount of damages that each had suffered at the time of the verdict. Thus, the Court declines to award either party prejudgment interest on top of the verdict awards because "the jury effectively made [the parties] whole in the same fashion as prejudgment interest pursuant to section 6C is intended to do." Spiritual Trees, 424 F. Supp. at 302.

  2. Postjudgment Interest

Gorillas and MCF also seek postjudgment interest on their respective damages awards. [ECF No. 297 at 6–7; ECF No. 300 at 3]. "Although prejudgment interest is usually governed by state law when the underlying claims are based on state law, postjudgment interest is governed

4

exclusively by federal law under 28 U.S.C. § 1961." In re Redondo Const. Corp., 820 F.3d 460, 467–68 (1st Cir. 2016). Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (2012). In addition, "[t]he Supreme Court has made clear that federal postjudgment interest 'properly runs from the date on entry of judgment.'" Cummings v. Standard Register Co., 265 F.3d 56, 68 (1st Cir. 2001) (quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990)). Accordingly, as set forth below, the Court awards postjudgment interest at the prevailing federal rate running from the entry of final judgment.

**B.     Costs**

Gorillas contends that the Court should award it costs under Federal Rule of Civil Procedure 54(d) because it is the prevailing party and has filed a Bill of Costs for reimbursement of its costs associated with pursing this litigation. [ECF No. 297 at 5–6; ECF No. 301]. In response, Defendants submitted their own Bill of Costs and argue that the Court should find that they are the prevailing parties for purposes of taxing costs because Gorillas prevailed on just two of its five claims against Fieldbrook and three of its five claims against MCF, and Gorillas lost its "most significant" claims under Chapter 93A. [ECF No. 298 at 11–13; ECF No. 300 at 3; ECF No. 305]. Alternatively, Defendants argue that the Court should find that no party clearly prevailed and order that the parties bear their own costs. [ECF No. 298 at 13–15; ECF No. 300 at 3]. Gorillas counters that Defendants cannot be the prevailing parties because their counterclaims were a "sideshow" and the jury's verdict established that they acted culpably and in bad faith, and also engaged in unfair dealing. [ECF No. 304 at 1–3].

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

5

to the prevailing party." Fed. R. Civ. P. 54(d)(1). While "[t]here is a background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties," B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008), "[t]he award of costs is a matter given to the discretion of the district court." Sharp v. Hylas Yachts, Inc., No. 11-cv-11814-JCB, 2016 WL 10654435, at *1 (D. Mass. June 14, 2016). "[T]he 'prevailing party' is the party who prevails as to the substantial part of the litigation." Sheehy v. Town of Plymouth, No. 95-cv-12425-RBC, 2001 WL 92386, at *3 (D. Mass. Jan. 18, 2001) (quoting Testa v. Village of Mundelein, Ill., 89 F.3d 443, 447 (7th Cir. 1996)) (quotation marks omitted). "As the First Circuit has held, this Court has broad discretion to award or deny costs in a case that yielded mixed results, and 'a mixed result does not preclude the trial court from awarding costs to the party whom it reasonably determines carried the day.'" Conway v. Licata, 146 F. Supp. 3d 355, 356 (D. Mass. 2015) (quoting Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28–29 (1st Cir. 2014); see also Baker v. Lindgren, 856 F.3d 498, 502 (7th Cir. 2017) (noting that "in a case with mixed results, [a district court] retains especially broad discretion to award or deny costs" under Rule 54(d)).

The Court finds that an award of costs to Gorillas is appropriate in this case because Gorillas prevailed on the substantial part of the litigation. Although the judgment was mixed,[2] the First Circuit has instructed that "[d]etermining who is the prevailing party for the purpose of taxing costs is not a purely arithmetic exercise," and that a district court "must do more than

---

[2] Gorillas prevailed against MCF on Gorillas' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, and on MCF's Mass. Gen. Laws ch. 93A and negligent misrepresentation counterclaims. Gorillas prevailed against Fieldbrook on its claims for breach of the implied covenant of good faith and fair dealing and negligent misrepresentation. MCF prevailed against Gorillas on Gorilla's Mass. Gen. Laws ch. 93A claim and on MCF's breach of contract and quantum meruit counterclaims. Finally, Fieldbrook prevailed against Gorillas on Gorilla's breach of contract claim and Mass. Gen. Laws ch. 93A claim. [ECF Nos. 294 and 295].

6

merely count and contrast the number of claims on which each side prevailed." Ira Green, Inc., 775 F.3d at 28–29. Gorillas' successful breach of contract claim against MCF and breach of the implied covenant of good faith and fair dealing and negligent misrepresentation claims against MCF and Fieldbrook were the central issues in this case and consumed the vast majority of the Court's and the parties' time and resources. While Gorillas did not receive the full damages it sought or treble damages under Mass. Gen. Laws ch. 93A, Gorillas' combined recovery of $725,000 was a substantial victory. Further, regardless of the amount of damages awarded, the key question in this case—whether MCF breached the contract by not properly making the ice cream—was resolved in favor of Gorillas. Accordingly, based on this liability finding, the Court concludes that Gorillas, rather than Defendants, carried the day in this litigation and is the overall prevailing party. Since Gorillas did not prevail on all claims, however, the Court finds that it is not entitled to all of its costs. The Court estimates that 80 percent of the time and effort spent on the case is fairly attributable to claims on which Gorillas has been successful, and will therefore allow Gorillas 80 percent of its costs. See A. Kush & Assocs., Ltd. v. Am. States Ins. Co., No. 85-493, 1991 WL 101631, at *3 (N.D. Ill. May 31, 1991)) (apportioning costs under Rule 54 by estimating percentage of time attributable to prevailing party's successful claims).

Defendants have moved to disallow certain costs identified in Gorillas' Bill of Costs as nonrecoverable. [ECF No. 306]. Recovery of costs under Rule 54(d) is governed by 28 U.S.C. § 1920. Section 1920 provides that a "judge or clerk of any court of the United States may tax as costs":

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees . . .;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920 (2012). "Courts are 'bound by the limitations' established by section 1920 and costs not listed under that section may not be awarded." Greater New York Mut. Ins. Co. v. Lavelle Indus., Inc., No. 13-cv-10164-MBB, 2017 WL 1496914, at *1 (D. Mass. Apr. 25, 2017) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444–45 (1987)).

Relying on a document titled "Taxation of Costs" that is available on the Court's website, Defendants argue that the Court should disallow in costs for expedited daily trial transcripts because Gorillas did not request such costs to be taxable prior to trial. [ECF No. 306 (citing Taxation of Costs, Procedures for Filing the Bill of Costs, http://www.mad.uscourts.gov/resources/pdf/taxation.pdf (last visited Nov. 30, 2018)]. Defendants also argue that the Court should not tax these costs because daily transcripts were not "indispensable" to Gorillas' case. [Id.]. Gorillas counters that the "Taxation of Costs" document is not binding on the Court and contends that there is no requirement that daily transcripts be "indispensable" in order for the cost to be recoverable under Rule 54. [ECF No. 327 at 1].

The Court agrees with Gorillas that the "Taxation of Costs" document issued by the Clerk's Office "does not have the force of law," Hillman v. Berkshire Med. Ctr., Inc., 876 F. Supp. 2d 122, 125 (D. Mass. 2012), and that transcripts need not be "indispensable" to be eligible for recovery. Rather, daily trial transcripts "are taxable if they were 'necessarily obtained for use in the case.'" Osorio v. One World Techs., Inc., 834 F. Supp. 2d 20, 23 (D. Mass. 2011) (citing 28 U.S.C. § 1920(2)). In the analogous context of deposition transcripts, the First Circuit has held that deposition transcripts are taxable if they are introduced as evidence, used at trial, or where special circumstances warrant it. See Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985); see also Roggio v. Grasmuck, 18 F. Supp. 3d 49, 61 (D. Mass.

2014) ("Under Section 1920(2), a court must tax the costs of transcripts if they were either introduced in evidence or used at trial; a court may tax the costs of transcripts not used at trial if special circumstances warrant it."). Here, Gorillas has made a showing that it used nine of the fourteen trial transcripts for which it seeks costs as part of its closing arguments to the jury. [ECF No. 327 at 2–4]. Although Gorillas did not file a pretrial motion requesting that these daily transcript costs be taxable, the Court, in its discretion, awards Gorillas those costs. Gorillas has not shown, however, that the daily transcripts for July 27, 2018, August 1, 2018, August 3, 2018, August 9, 2018, or August 15, 2018 were introduced as evidence or used at trial, nor has Gorillas set forth any special circumstances as to why those costs should be taxed. Accordingly, the Court disallows $6,236.24 in costs for those transcripts.

Defendants also argue that the Court should disallow $700 in costs for *pro hac vice* admission fees as miscellaneous fees. [ECF No. 306 at 3]. In its opposition, Gorillas did not respond to this argument. [See ECF No. 327]. The Court agrees with "the majority of the decisions within the District of Massachusetts" that "do not allow parties to tax *pro hac vice* costs." DeSaint v. Delta Air Lines, Inc., No. 13-cv-11856-GAO, 2015 WL 4111428, at *1 (D. Mass. July 8, 2015) (quoting Interfood, Inc. v. Select Veal Feeds, Inc., No. CIV.A. 12-10825-JLT, 2014 WL 690566, at *2 (D. Mass. Feb. 19, 2014) (quotation marks omitted); see Interfood, Inc., 2014 WL 690566, at *2 (collecting cases). "[W]hile the *pro hac vice* admission fee can be understood as a 'fee of the clerk' under § 1920," Gorillas' "election to use out-of-state counsel, while perfectly appropriate, does not appear to be a cost that is fairly chargeable to" Defendants. DeSaint v. Delta Air Lines, Inc., No. 13-cv-11856-GAO, 2015 WL 4111428, at *1 (D. Mass. July 8, 2015) (quoting Keurig, Inc. v. JBR, Inc., No. 11-cv-11941-FDS, 2014 WL 2155083, at *2 (D. Mass. May 21, 2014)). The Court will therefore deduct $700 for *pro hac vice* admission fees

from the total costs awarded.

After disallowance of the specified daily trial transcripts and the *pro hac vice* admission fees and reducing costs by 20 percent, Gorillas is entitled to recover $22,684.13 of its costs from Defendants.

### C. Setoff

Defendants request that the Court setoff the total damages awarded to Gorillas by the damages awarded to MCF. "[T]he general rule is that a judgment for costs for one party may be set off against a judgment for another in the same action. The right of setoff (also called 'offset') allows parties that owe each other money to apply their mutual debts against each other thereby avoiding the absurdity of making A pay B when B owes A." Merigan v. Liberty Life Assur. Co. of Boston, 839 F. Supp. 2d 445, 448 (D. Mass. 2012) (quoting Tibble v. Edison Intern., 2011 WL 3759927, *5 (C.D. Cal. Aug. 22, 2011)) (quotation marks omitted). "[T]he allowance of a setoff lies within the sound discretion of the trial court" due to "its origins as an equitable remedy." Merigan, 839 F. Supp. 2d at 448 (quoting Tibble, 2011 WL 3759927, at *5) (quotation marks omitted); see also Sign-A-Way, Inc. v. Mechtronics Corp., 12 F. Supp. 2d 132, 161 (D. Mass. 1998), rev'd in part on other grounds, 232 F.3d 911 (Fed. Cir. 2000) ("Whenever appropriate motions are made after trial, a trial court has discretion to setoff the judgment awarded to one party on all of its claims against the judgment awarded to the other party if such an explicit setoff is likely to anticipate and resolve more contingencies and leave less possibility of uncertainty about what the judgment means."); Massachusetts Motor Vehicle Reinsurance Facility v. Comm'r of Ins., 400 N.E.2d 221, 227 (Mass. 1980) ("In the absence of a statute, there is power in equity to 'compel a set-off of cross demands or of judgments . . . whenever necessary for the proper administration of justice.'").

Gorillas argues that, under the circumstances, a setoff of the parties' judgment would not be equitable because MCF's counterclaim award "appears vulnerable" on appeal while the jury's award to Gorillas is not, and that requiring Gorillas to win an appeal before receiving the entire judgment would cause Gorillas' founders Chris and Paula White to suffer financial hardship. [ECF No. 304 at 3–4]. Gorillas also asserts that setoff would be inequitable as Defendants have unclean hands because they acted culpably and in bad faith, and engaged in unfair dealing. [Id. at 4]. In response, Defendants argue that, *inter alia*, the financial condition of the Whites, as nonparties, is irrelevant, and they dispute that the jury's award to MCF is vulnerable on appeal. [ECF No. 322 at 2–4].

The Court finds that setoff is appropriate in these circumstances. Gorillas' argument that the Whites will suffer financial hardship if they are unable to collect all damages awarded to Gorillas is unavailing. The jury found that Gorillas prevailed on some claims and that MCF prevailed on other claims. Rather than engaging in "the absurdity" of making Gorillas pay $270,785.37 in damages to MCF when MCF owes Gorillas $580,000 in damages, the Court, in its discretion, finds it appropriate to setoff the amount awarded to Gorillas against the amount awarded to MCF on its counterclaims.

## II. CONCLUSION

The Court ORDERS that, for the reasons set forth herein, the parties' motions for prejudgment interest pursuant to Mass. Gen. Laws ch. 231, § 6C are <u>DENIED</u>. Gorillas' motion for costs pursuant to Federal Rule of Civil Procedure 54(d) is <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>, Defendants' Motion to Disallow Gorillas' Request for Costs is <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>, and Defendants are ordered to pay $22,684.13 in costs to Gorillas. Defendants' motion for costs pursuant to Federal Rule of Civil Procedure 54(d) is

DENIED.  The judgment for MCF against Gorillas ($270,785.37) shall be setoff from the judgment for Gorillas against MCF ($580,000), yielding a total judgment for Gorillas against MCF in the amount of $309.214.63.  Postjudgment interest at the prevailing rate from the date of judgment is GRANTED.

**SO ORDERED.**

December 4, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE